IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ABRAHAM KELLY, #155176, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No.2:13-CV-443-WHA-WC |
| | ) |
| KIM THOMAS, et al., | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Abraham Kelly ("Kelly"), an indigent state inmate. In the complaint, Kelly alleges that the defendants placed false information in his file regarding a 1991 conviction for promoting prison contraband in the first degree which was used against him in classification and parole proceedings. *Amended Compl. - Doc. No. 11* at 2-3.[1] Kelly also asserts that the defendants took such action in retaliation for his exercising his First Amendment right of free speech. *Id*. at 3-4. Finally, Kelly argues that the defendants improperly denied him good time credits while serving his sentence for first degree robbery, *id*. at 3, a claim he subsequently conceded lacked merit. *Plaintiff's Affidavit -*

---

[1] It is undisputed that Kelley pled guilty to first degree promoting prison contraband before the Circuit Court of Barbour County, Alabama in 1991. Thus, any reference to this conviction in his files is not false or erroneous information. To the extent Kelley challenges the constitutionality of this conviction, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey,* 512 U.S. 477, 281 (1994).

*Doc. No. 24*.

The court recently obtained information that Kelly did not reside at the last address he provided for service. The order of procedure entered in this case instructed Kelly to immediately inform the court of any new address. *See Order of July 15, 2013 - Doc. No. 14* at 5. It is clear that Kelly failed to comply with this requirement and, as such, this case cannot properly proceed in this court if his whereabouts remain unknown. In light of the foregoing, the court entered an order requiring that Kelly on or before January 21, 2016 inform the court of his present address. *Order of January 14 - Doc. No. 26*. This order specifically advised Kelly that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in a Recommendation that this case be dismissed. *Id*. Kelly has filed no response to this order.

As is clear from the foregoing, Kelly has failed to comply with the directives of the orders entered by this court. In addition, this case cannot properly proceed in his absence. It likewise appears that Kelly is no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this

court and his failure to properly prosecute this action.

It is further

ORDERED that on or before February 19, 2016 the parties may file objections to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 5th day of February, 2016.

    /s/    Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE